FILED

DEC 20 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CARLA MCCLINTON )
10809 TIPPETT ROAD )
CLINTON, MD 20735 )
) CASE NUMBER 1:05CV02433
Plaintiff )
) JUDGE: Richard W. Roberts
V. )
) DECK TYPE: Employment Discrimination
FLEISCHMAN AND WALSH P.C. )
SERVE ON: ) DATE STAMP: 12/20/2005
AARON I. FLEISCHMAN )
1400 16TH STREET, N.W. )
WASHINGTON, DC 20039 )
)
Defendants )

JURY ACTION

## COMPLAINT

COMES NOW the Plaintiff, Carla McClinton, by and through her attorney, Perry Becker, and complaining states as follows:

1. That the Plaintiff is an adult resident of the State of Maryland.

2. That the Defendant, Fleischman and Walsh P.C., is a business entity incorporated in Washington, D.C. and doing business in Washington, D.C. and employs approximately one hundred (100) individuals.

3. That in January 2000 the Plaintiff was hired by Defendant as a Marketing Coordinator.

4. That beginning on or about January 2000 until May 11, 2004, the Plaintiff was subjected to sexual harassment and discrimination.

5. That on numerous occasions during her employment with Defendant, the Plaintiff was subjected to unwanted sexual propositions, comments by Bob Walker a consultant for Defendant. Bob Walker continually made lewd and sexually suggestive comments to Plaintiff in the presence

1

of other individuals. Bob Walter continually made lewd and suggestive comments to Plaintiff over the telephone. On one occasion, Bob Walter came into Defendant's office and photographed Plaintiff without her permission.

6. On numerous occasions during her employment with Defendant Plaintiff was subjected to lewd and sexually suggestive comments by Tony Thomas an employee of Defendant.

7. On numerous occasions during her employment with Defendant, Plaintiff was subjected by racial slurs by Louis Depart an employee, principal, agent or partner of Defendant.

8. That the sexual harassment and discrimination was obvious and pervasive.

9. That the racial harassment and discrimination was obvious and pervasive.

10. That the actions of Defendant and its employees, agents, principals or partners created an abusive and hostile work environment for the Plaintiff.

11. That the actions of Defendant and its employees, agents, principals or partners interfered with the Plaintiff's ability to perform her job.

12. That the actions of Defendant and its employees, principals, agents or partners were intentional, extremely outrageous and unreasonable and caused the Plaintiff a great deal of emotional distress.

13. That due to the actions of Defendant and its employees, principals, agents or partners, Plaintiff suffered physical and emotional distress including but not limited to chest pains, headaches and difficulty sleeping.

14. That Plaintiff filed complaints with Defendant but Defendant failed to take appropriate remedial action on behalf of Plaintiff and retaliated against Plaintiff for filing her complaints by taking adverse employment action against Plaintiff.

15. In retaliation for filing her complaints, Plaintiff was transferred from her position as Marketing Coordinator to that of a Legal Secretary which resulted in a reduction of her compensation.

16. In retaliation for filing her complaints, Plaintiff was denied bonuses and other compensation due for services provided from October 2003 to January 2004.

17. That the Plaintiff was terminated from her employment in retaliation for her complaints about sexual and racial harassment and discrimination.

18. That on or about April 6, 2004, the Plaintiff filed a Charge of Discrimination with the D.C. Office of Human Rights.

19. The Equal Employment Opportunity Commission issued the Plaintiff a Notice of Right to Sue dated September 16, 2005 and which was received by the Plaintiff on or about September 21, 2005.

20. That if the relief sought is not granted, the Plaintiff will be irreparably denied the rights secured by Title VII of the 1964 Civil Rights Act as amended.

WHEREFORE, the Plaintiff prays that this Honorable Court grant her:

A. Back pay.

B. Future pay.

C. Compensatory damages in the amount of One Million Dollars ($1,000,000.00).

D. Punitive damages in the amount of Two Million Dollars ($2,000,000.00).

E. Attorney's fees, expert fees and costs.

F. Such other and further relief as may be appropriate.

## COUNT II
## (STATE TORT CLAIM)

21. That paragraphs 1 through 20 are incorporated herein by reference.

22. That the conduct of Defendant and its employees, agents, principal and partners was so extremely outrageous.

23. That the racial and sexual comments and propositions by the employees, agents, principals and partners was often done in the presence of other employees and caused the Plaintiff a great deal of humiliation.

24. That the Plaintiff was terminated from her employment for complaining about the outrageous conduct.

25. That the actions of Defendant and employees, agents, principals and partners were intentional, extremely outrageous and unreasonable and caused the Plaintiff a great deal of emotional distress.

WHEREFORE, the Plaintiff prays that Honorable Court grant her compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00).

## JURY DEMAND

Plaintiff demands a jury trial on all counts.


I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE INFORMATION AND BELIEF.


Carla McClinton

Respectfully submitted,

*Perry Becker*
Perry Becker
14300 Gallant Fox Lane
Suite 218
Bowie, MD 20715
(301) 262-6000