UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

CARLA MCCLINTON,                      :

    Plaintiff,                         :

v.                                    :   Civil No: 1:05cv02433 (RWR)

FLEISCHMAN AND WALSH, P.C.            :

    Defendant.                         :

                                       :

---

### ANSWER OF DEFENDANT
### FLEISCHMAN AND WALSH, P.C.
### TO PLAINTIFF'S COMPLAINT

Defendant Fleischman and Walsh, P.C., by and through its counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, responds to the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the individually numbered paragraphs of the Complaint, defendant states as follows:

1. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1 and demands strict proof thereof.

2. Defendant admits that Fleischman and Walsh, P.C. is a business entity incorporated in Washington, D.C. and doing business in Washington, D.C., as alleged in paragraph 2 of the Complaint. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

228428.1

3. As to the allegations in Paragraph 3, defendant only admits that on or about January 10, 2000, plaintiff began working in defendant's employ as a Legal Secretary. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations of Paragraph 4 of the Complaint.

5. Defendant admits only that Bob Walker took a picture of plaintiff as alleged in Paragraph 5, but defendant denies the remaining allegations of Paragraph 5 of the Complaint.

6. Defendant denies the allegations of Paragraph 6 of the Complaint.

7. Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18, and demands strict proof thereof.

19. Defendant admits only that the United States Equal Employment Opportunity Commission issued a "Dismissal and Notice of Rights" dated September 16, 2005, "unable to conclude that the information obtained establishes violations of the statutes," which speaks for

228428.1

itself. Defendant lacks sufficient information to admit or deny allegations in Paragraph 19 and demands strict proof thereof.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

## COUNT II
## STATE TORT CLAIM

1.[sic] Defendant adopts and incorporates as if fully stated herein its responses to Paragraphs 1 through 20, inclusive of the Complaint.

2.[sic] Defendant denies the allegations of Paragraph 2 of the State Tort Claim of the Complaint.

3.[sic] Defendant denies the allegations of Paragraph 3 of the State Tort Claim of the Complaint.

4.[sic] Defendant denies the allegations of Paragraph 4 of the State Tort Claim of the Complaint.

5.[sic] Defendant denies the allegations of Paragraph 5 of the State Tort Claim of the Complaint.

### Relief Sought

Defendant denies that plaintiff is entitled to the relief sought in the Complaint.

Further answering the Complaint, defendant denies each and every allegation in the Complaint not specifically admitted. Defendant also specifically denies any and all allegations of wrongdoing and specifically denies that plaintiff is entitled to the relief requested.

### THIRD DEFENSE

Defendant asserts that all employment actions taken by defendant with respect to plaintiff were based upon legitimate nondiscriminatory reasons.

### FOURTH DEFENSE

Defendant asserts that it is, and was during the relevant time period, equal opportunity employer committed to treating all employees fairly. Defendant does not, and did not during the relevant time period, tolerate or engage in any form of discrimination or harassment.

### FIFTH DEFENSE

At all times relevant, defendant had in place policies and procedures for addressing claims of discrimination and/or harassment made by employees.

### SIXTH DEFENSE

Defendant asserts that all complaints regarding alleged sexual harassment, racial discrimination, and other alleged harassment brought to its attention by plaintiff were fully investigated and resolved pursuant to defendant's anti-harassment/non-discrimination and complaint procedure.

### SEVENTH DEFENSE

Defendant asserts that plaintiff's alleged injuries and damages, if any, were not proximately caused by any acts or omissions of defendant or any employee acting within the scope of employment.

### EIGHTH DEFENSE

Defendant asserts that if plaintiff suffered any injury or loss, it was a result of the acts of a party or parties over whom defendant had no control and for whom defendant is not legally responsible.

**NINTH DEFENSE**

Defendant asserts that plaintiff failed or may have failed to mitigate her damages.

**TENTH DEFENSE**

Defendant asserts that the claims alleged in the Complaint are or may be barred in whole or in part because the complained of conduct was not offensive and/or unwelcome to plaintiff and/or was not objected to by plaintiff and/or was not objected to by plaintiff an a timely and understandable fashion.

**ELEVENTH DEFENSE**

Defendant asserts that if the plaintiff suffered any injury or loss, it was a result of or caused by intervening or superseding causes not attributable to defendant.

**TWELFTH DEFENSE**

Defendant asserts that plaintiff's alleged injuries or damages, if any, were or may have been caused or proximately caused by plaintiff's contributory conduct or assumption of the risk, plaintiff's fault or other culpable conduct on plaintiff's part.

**THIRTEENTH DEFENSE**

Defendant asserts that plaintiff's alleged injuries or damages, if any, were or may have been pre-existing.

**FOURTEENTH DEFENSE**

Defendant reserves the right to assert that plaintiff's claims are or may be barred by the doctrines of laches and/or estoppel and/or payment and/or may be barred by the applicable statute of limitations.

**FIFTEENTH DEFENSE**

Defendant reserves the right to assert that plaintiff's claims are or may be barred by the doctrines of release and/or waiver.

**SIXTEENTH DEFENSE**

Plaintiff's allegations and claims are or may be barred, in whole or in part, by her failure to exhaust the administrative remedies available to redress the damage and/or wrong claimed.

**SEVENTEENTH DEFENSE**

The Court lacks or may lack subject matter jurisdiction over the claims as pled and/or personal jurisdiction over the parties.

**EIGHTEENTH DEFENSE**

Plaintiff's claim for punitive damages is or may be in violation of the United States Constitution.

**NINETEENTH DEFENSE**

Defendant hereby reserves the right to assert those defenses which may become known as a result of discovery and investigation of this matter.

WHEREFORE, defendant Fleischman and Walsh, P.C., having fully answered the Complaint, respectfully request that:

1. the Complaint be dismissed with prejudice;

2. defendant be awarded the costs incurred as a result of this lawsuit, including reasonable attorneys' fees;

3. defendant be awarded such further relief as this Court deems just and proper.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

_____
Laura N. Steel (DC Bar No. 367174)
Jodi V. Terranova (DC Bar No. 472225)
1341 G Street, N.W., 5th Floor
Washington, D.C.  20005
(202) 626-7660
fax (202) 628-3606
laura.steel@wilsonelser.com
jodi.terranova@wilsonelser.com
*Counsel for Defendant*
*Fleischman and Walsh, P.C.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing Answer of Defendant Fleischman and Walsh, P.C. to Plaintiff's Complaint was served by electronic filing this 24th day of April 2006 upon:

>Perry Becker, Esquire
>Walsh, Becker Spears and Moody
>14300 Gallant Fox Lane
>Bowie, Maryland 20715

_____
Laura N. Steel