```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

_____
                              )
**CARLA MCCLINTON,**          )
                              )
      Plaintiff,         )
                              )
  v.                          )   Civil Action No. 05-2433 (RWR)
                              )
**FLEISCHMAN AND WALSH, P.C.,** )
                              )
      Defendant.        )
_____)

### ORDER FOR INITIAL SCHEDULING CONFERENCE

    It is hereby ORDERED that the initial scheduling conference be and hereby is set for June 30, 2006 at 9:45 a.m.  Counsel who attend must be sufficiently familiar with the case to answer any questions that arise.  Parties are welcome and are encouraged to attend.

    Counsel shall confer pursuant to Rule 16.3(a) of the Local Civil Rules and Fed. R. Civ. P. 26(f) and shall submit their Joint Rule 16.3 Statement addressing all topics listed in Rule 16.3(c) no later than five business days before the initial scheduling conference.  Counsel are also directed to include in their Joint Rule 16.3 Statement a brief statement of the case and the statutory basis for all causes of action and defenses.

    In considering a discovery schedule under Local Civil Rule 16.3(c)(8), counsel should be guided by the schedules contained in Appendix I to this Order.

    In considering what form of alternative dispute resolution to which the parties think the case is most suited, counsel should consider that among their options under Local Civil Rule 16.3(c)(5), attached to this Order as Appendix II, are mediation, arbitration, early neutral evaluation, summary jury trial, and any other form of alternative dispute resolution which can be tailored to the needs of their case.

    Parties' written communication with the Court is to be by motion, opposition, and reply, rather than by letter.  Oral inquiries concerning the status or scheduling of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Linda Romero, (202) 354-3166, rather than to chambers.  If Ms. Romero

- 2 -

is unavailable, such inquiries shall be directed to the staff person in the Clerk's Office designated as her substitute.  In an emergency, however, chambers can be reached at (202) 354-3400.

    A request for a continuance of a court date must include alternative dates that have been agreed to by all parties.  Failure to provide such information may result in denial of the request.

May 16, 2006                              _____/s/_____
                                         RICHARD W. ROBERTS
                                         United States District Judge

- 3 -

APPENDIX I

**Discovery Schedules**

    The following schedules are guidelines that are usually followed by the Court.  Variations may be appropriate in light of individual case differences.  All time-frames are calculated from the date of the initial scheduling conference.

|  | **Expedited Cases** | **Standard Cases** | **Complex Cases** |
|---|---|---|---|
| Initial Disclosures | 14 days | 30 days | 60 days |
| Deadline for Post-R. 26(a) Discovery Requests | 30 days | 45 days | 90 days |
| Proponent's R. 26(a)(2) Statements | N/A | 60 days | 120 days |
| Opponent's R. 26(a)(2) Statements | N/A | 90 days | 150 days |
| All discovery closed | 60 days | 120 days | 180 days |
| Limits on number of interrogatories per side | 12 | 25 | 25 |
| Limits on number of depositions per side | 3 | 5 | 10 |

- 4 -

APPENDIX II

**LOCAL CIVIL RULE 16.3(c)**

**Duty to confer; matters to be discussed by the parties**

At the conference required by this Rule, the parties must confer to discuss the following matters:

* * *

(5)  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

   (i)   the client's goals in bringing or defending the litigation;

   (ii)  whether settlement talks have already occurred and, if so, why they did not produce an agreement;

   (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

      (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

      (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

   (iv)  whether parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

   (v)   whether cost savings or any other practical advantage would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.