UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CARLA MCCLINTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FLEISCHMAN AND WALSH, P.C., )<br>)<br>Defendant. ) | Civil Action 05-2433 (RWR) |

**JOINT LCVR. 16.3(c) STATEMENT**

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.3(d), and the Court's May 16, 2006, Initial Scheduling Conference Order, Plaintiff Carla McClinton ("Plaintiff" or "McClinton"), by and through her counsel, Walsh, Becker, Spears & Moody, and Defendant Fleischman and Walsh, L.L.P. ("F&W"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP (collectively, the "parties"), respectfully submit their Joint LCvR 16.3 Statement.

Pursuant to LCvR 16.3, the parties met and conferred on Wednesday, June 21, 2006.

A. **CASE FACTS & STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES**

    1. Plaintiff's Statement of the Case

In December 2000 Defendant, Fleishman and Walsh P.C., a law firm located in Washington D.C., hired Plaintiff, Carla McClinton, as a Marketing Coordinator. Plaintiff's employment with Defendant was terminated on May 11, 2004. During Plaintiff's employment with Defendant, she was subjected to unwanted lewd and sexually

235162.1

suggestive comments by a consultant and an employee of Defendant. In addition, Plaintiff was subjected to repeated racial slurs by one of the principals or partners of Defendant's firm. After receiving her Notice of Right to Sue, Plaintiff filed a two count Complaint. In Count I Plaintiff alleges a violation of her rights secured by Title VII of the 1964 Civil Rights Act as amended. In Count II Plaintiff alleges a tort claim of intentional infliction of emotional distress. Plaintiff alleges that during her employment with Fleishman and Walsh P.C., she was subjected to obvious and pervasive racial harassment and discrimination and obvious and pervasive sexual harassment and discrimination. The harassment and discrimination created a hostile work environment and interfered with Plaintiff's ability to perform the duties of her job. In retaliation for filing complaints of harassment and discrimination, Plaintiff was transferred from her position of Marketing Coordinator to that of Legal Secretary resulting in a reduction in her compensation. In addition, Plaintiff was denied bonuses and other compensation and eventually terminated. Plaintiff further alleges that Defendant failed to undertake an impartial investigation of her complaints and then failed to take appropriate remedial action. Moreover, Defendant's actions were intentional and outrageous and caused Plaintiff emotional distress which manifested in physical symptoms.

2.  <u>Defendant's Statement of the Case</u>

F&W denies Plaintiff's allegations that she was discriminated against or harassed because of her race and/or sex and her allegations that she was retaliated against for reporting such alleged discrimination and/or harassment. As the undisputed facts will show, in accordance with its written anti-harassment/non-discrimination policy, which contains a clear complaint procedure with several avenues available to employees for

reporting all incidents of discrimination and/or harassment, F&W fully, promptly, and thoroughly investigated each of the allegations made by Plaintiff during her employment. When necessary, F&W took prompt and appropriate remedial actions to resolve the complaint. F&W also retained outside counsel to prepare a formal written report of findings and recommendations. Ultimately, after a lengthy history of mixed employment performance evaluations, Plaintiff was discharged from her employment due to her extended and unexcused absences (taking 24 days of unscheduled leave when she had accumulated only 4 days of leave). Plaintiff's termination was not in any way related to her complaints of alleged discrimination and/or harassment. Defendant F&W intends to assert any and all defenses available under Title VII, including, but not limited to, the *Faragher/Ellerth* affirmative defense, as well as other statutory and common law defenses, including, but not limited to, failure to prove any damages and failure to mitigate damages, if any. Defendant believes that the case will be resolved on dispositive motion.

B.   **RULE 16.3 (C) Matters**

   1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a disposition motion has already been filed, the parties should recommend to the court that discovery or other matter should await a decision on the motion.**

      The parties believe that this case will benefit from a neutral evaluation of their case by a Magistrate Judge after the parties have had a chance to exchange in some informal discovery. In this regard, counsel for the parties have already agreed to an informal exchange of certain documents. Because the parties believe that a neutral evaluation of their case may lead to a resolution of this matter, whether by settlement or otherwise, the parties respectfully request that the Initial Scheduling Conference in this case be held in abeyance pending the conclusion of the neutral evaluation. In the event that early ADR resolution efforts are unsuccessful, a scheduling order can be entered thereafter.

235162.1

In any event, Plaintiff believes that the case is not likely to be disposed of by summary judgment and that once discovery is completed there will genuine disputes of material facts including disputed facts which relate to any affirmative defenses raised by Defendant.

F&W believes that this case will likely be disposed of by summary judgment motion, as the undisputed facts will show that F&W conduct a prompt and thorough investigation of Plaintiff's complaints of discrimination and/or harassment and that it took corrective action, where necessary, to resolve the complaint.

2. **The date by which any other parties shall be joined or the pleading amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

   The parties believe that a neutral evaluation of their case will most likely lead to a resolution of this matter, whether by settlement or otherwise. Thus, the parties respectfully request that the Initial Scheduling Conference in this case be held in abeyance pending the conclusion of the neutral evaluation. In the event that early ADR resolution efforts are unsuccessful, a scheduling order can be entered thereafter.

3. **Whether the case should be assigned to a Magistrate Judge for all purposes, including trial.**

   Both parties respectfully decline the invitation to assign the case to a Magistrate Judge for all purposes, including trial.

   However, both parties request the assignment of a Magistrate Judge only for the limited purposes of acting as a neutral evaluator and/or mediator.

4. **Whether there is a realistic possibility of settling the case.**

   The parties believe that a neutral evaluation of their case may lead to a resolution of this matter, whether by settlement or otherwise. Thus, the parties respectfully request that the Initial Scheduling Conference in this case be held in abeyance pending the conclusion of the neutral evaluation. In the event that early ADR resolution efforts are unsuccessful, a scheduling order can be entered thereafter.

5. **Whether the case should benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above counsel shall consider:**

 **(i)**   **The client's goals in bringing or defending the litigation;**

 **(ii)**   **Whether settlement talks have already occurred and, if so, why they did not produce an agreement.**

 **(iii)**   **The point during litigation when ADR would be most appropriate, with special consideration given to:**

  **(a) Whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**

  **(b) Whether ADR should take place before or after the judicial resolution of key legal issues;**

 **(iv)**   **Whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, and assessment of damages and/or the potential settlement value of the case; and**

 **(v)**   **Whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

The parties believe that a neutral evaluation of their case may lead to a resolution of this matter, whether by settlement or otherwise. Thus, the parties respectfully request that the Initial Scheduling Conference in this case be held in abeyance pending the conclusion of the neutral evaluation. In the event that early ADR resolution efforts are unsuccessful, a scheduling order can be entered thereafter.

**6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for decision on the motions.**

The parties believe that a neutral evaluation of their case will most likely lead to a resolution of this matter, whether by settlement or otherwise. Thus, the parties respectfully request that the Initial Scheduling Conference in this case be held in abeyance pending the conclusion of the neutral evaluation. In the event that early ADR resolution efforts are unsuccessful, a scheduling order can be entered thereafter.

As noted, defendant believes that the case can be resolved by summary judgment.

**7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26 (a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

5

235162.1

The parties jointly agree to dispense with the initial disclosure requirements set forth in Rule 26(a)(1). However, the parties have agreed to engage in the informal exchange of information, including the production of documents.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, request for admissions, and depositions**

   The parties believe that a neutral evaluation of their case will most likely lead to a resolution of this matter, whether by settlement or otherwise. Thus, the parties respectfully request that the Initial Scheduling Conference in this case be held in abeyance pending the conclusion of the neutral evaluation. In the event that early ADR resolution efforts are unsuccessful, a scheduling order can be entered thereafter.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

   The parties believe that a neutral evaluation of their case will most likely lead to a resolution of this matter, whether by settlement or otherwise. Thus, the parties respectfully request that the Initial Scheduling Conference in this case be held in abeyance pending the conclusion of the neutral evaluation. In the event that early ADR resolution efforts are unsuccessful, a scheduling order can be entered thereafter.

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

    Not applicable.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

    At this point, the parties do not believe that bifurcation is necessary in this matter.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    The parties believe that a neutral evaluation of their case will most likely lead to a resolution of this matter, whether by settlement or otherwise. Thus, the parties respectfully request that the Initial Scheduling Conference in this case

235162.1

be held in abeyance pending the conclusion of the neutral evaluation. In the event that early ADR resolution efforts are unsuccessful, a scheduling order can be entered thereafter.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the court should set the trial date 30-60 days after the final pretrial conference and respectfully request that the Court defer pre-trial and trial proceedings until after the parties have had an opportunity to engage in early ADR.

14. **Such other matters that the parties believe may be appropriate for the inclusion in a scheduling order.**

None at this time.

C. **MAKE OR ARRANGE FOR DISCLOSURES REQUIRED BY RULE 26(A)(1), F.R.CIV.P.**

Not applicable. The parties have decided to waive 26(a)(1) disclosures but propose to engage in the informal exchange of information in advance of early ADR

D. **DEVELOP A DISCOVERY PLAN THAT INDICATES THE PARTIES' VIEWS AND PROPOSALS**

The parties believe that a neutral evaluation of their case will most likely lead to a resolution of this matter, whether by settlement or otherwise. Thus, the parties respectfully request that the Initial Scheduling Conference in this case be held in abeyance pending the conclusion of the neutral evaluation.

7

Respectfully submitted,

By: _____/s/_____
Perry Becker, Esquire (D.C. Bar No. 935510)
L. Jeanette Rice, Esquire (Federal Bar No. 12933)
Walsh, Becker, Spears & Moody
15300 Gallant Fox Lane
Suite 218
Bowie, MD 20715
(301) 262-6000
*Counsel for Plaintiff*

and

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: \_\_\_\_/s/_____
Laura N. Steel, Esquire (D.C. Bar No. 367174)
Yoora Pak, Esquire (D.C. Bar No. 467007)
(*application for federal admission pending*)
1341 G Street, N.W.
Suite 500
Washington, DC 20005
202-626-7660
*Counsel for Defendant, Fleischman and Walsh, LLP*

235162.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of JOINT LCVR. 16.3(c) STATEMENT was served, via electronic case filing (ECF) on the 23rd day of June, 2006, to:

>Perry Becker, Esquire
>L. Jeanette Rice, Esquire
>Walsh, Becker, Spears & Moody
>15300 Gallant Fox Lane
>Suite 218
>Bowie, MD 20715

/s/
Laura N. Steel